Case 1:21-cv-00044   Document 22   Filed on 09/29/21 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
September 29, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JAIME J. TREVINO, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:21-cv-44 |
| | § | |
| BOBBY LUMPKIN, | § | |
|     Respondent. | § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On March 24, 2021, Petitioner Jaime J. Trevino filed a petition for a writ of habeas corpus by a person in state custody, pursuant to 28 U.S.C. § 2254. Dkt. No. 1.

On July 20, 2021, Respondent Bobby Lumpkin ("the State") timely filed a motion for summary judgment. Dkt. No. 20.

After reviewing the record and the relevant case law, it is recommended that Trevino's petition be dismissed as untimely filed, or alternatively, denied as meritless.

### I. Background

#### A. Conviction

In July 2013, Trevino was indicted for (1) continuous sexual abuse of a child under the age of 14; (2) aggravated sexual assault of a child; and (3) indecency with a child via sexual contact. Dkt. No. 18-1, pp. 4-5.[1]

On May 9, 2014, Trevino pled guilty, pursuant to a plea agreement, to Counts I and II – continuous sexual abuse and aggravated sexual assault – while the remaining count of indecency with a child was dismissed. Dkt. No. 18-1, p. 10.  He was sentenced to 25 years of imprisonment and lifetime sex offender registration. Id.

Trevino did not file a notice of appeal.

---

[1] The page numbers refer to the Bates-stamped numbers at the bottom of the page.

### B. State Habeas Proceedings

On March 2, 2021, Trevino filed an application for writ of habeas corpus in the Court of Criminal Appeals. Dkt. No. 18-1, p. 114.  In that application, he alleged that his plea of guilty was not knowingly and voluntary because he "did not fully understand the charge" and that his lawyer was ineffective for coercing him to plead guilty. Id.

On June 2, 2021, the Texas Court of Criminal Appeals "denied" Trevino's application "without [a] written order." Dkt. No. 18-1, p. 148.  The denial indicated that the Court of Criminal Appeals rejected the petition on substantive grounds, rather than on procedural grounds. Ex parte Torres, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (en banc) (indicating that a "denial" signifies adjudication on the merits, while "dismissal" reflects a claim declined on grounds other than upon the merits).

### D. Federal Habeas Proceedings

On March 24, 2021, Trevino filed his petition in the instant case. Dkt. No. 1. Trevino makes two claims: (1) his trial counsel was ineffective for coercing him into pleading guilty rather than "preparing an adequate defense strategy"; and (2) his plea was involuntary. Id., p. 6.  The petition was originally filed in the Corpus Christi Division; on March 26, 2021, it was transferred to the Brownsville Division. Dkt. No. 6.

On April 22, 2021, the State was ordered to respond to the petition. Dkt. No. 7.

On July 20, 2021, the State timely filed a response to the petition, arguing that Trevino's petition was not timely filed and cannot be saved by equitable tolling. Dkt. No. 20.

Trevino has not filed a response.

## II. Applicable Law

### A. Section 2254

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner convicted in a state court may challenge his conviction to the extent it violates "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Accordingly, only violations of the United States Constitution or federal law are subject to review by this Court under § 2254.

> In conducting such a review, a federal district court:
>
> may not issue a writ of habeas corpus for a defendant convicted under a state judgment unless the adjudication of the claim by the state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding."

Riddle v. Cockrell, 288 F.3d 713, 716 (5th Cir. 2002) (quoting 28 U.S.C. § 2254(d)(1)-(2)).

"A decision is contrary to clearly established federal law under § 2254(d)(1) if the state court (1) 'arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law'; or (2) 'confronts facts that are materially indistinguishable from a relevant Supreme Court precedent' and reaches an opposite result.'" Simmons v. Epps, 654 F.3d 526, 534 (5th Cir. 2011) (quoting Williams v. Taylor, 529 U.S. 362, 405 (2000)). "[A]n unreasonable application of federal law is different from an incorrect application of federal law." Harrington v. Richter, 562 U.S. 86, 101 (2011).

"The state court makes an unreasonable application of clearly established federal law if the state court (1) 'identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts'; or (2) 'either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'" Simmons, at 534 (quoting Williams, at 407).

Additionally, the AEDPA requires that federal law be "clearly established" "as articulated by the Supreme Court." Woodfox v. Cain, 609 F.3d 774, 800 n. 14 (5th Cir. 2010). "[A] decision by . . . [the Fifth Circuit] . . . or one of our sister circuits, even if compelling and well-reasoned, cannot satisfy the clearly established federal law requirement under § 2254(d)(1)." Salazar v. Dretke, 419 F.3d 384, 399 (5th Cir. 2005).

"Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error

correction through appeal." Harrington, 562 U.S. at 102–03 (2011) (internal quotation marks omitted).

### B. Timeliness

A petitioner has a one year "period of limitation" in which to file a § 2254 petition. 28 U.S.C. § 2244(d)(1). That period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

8 U.S.C. § 2244(d)(1)(A)-(D).

This one-year period is tolled during the time in which "a properly filed application for State post-conviction or other collateral review" is pending in the state courts. 28 U.S.C. § 2244(d)(2).

Further, the limitations period is not jurisdictional and may be equitably tolled. Holland v. Florida, 560 U.S. 631, 645 (2010). For equitable tolling to excuse the late filing of a petition, the petitioner must show that he has been "pursuing his rights diligently" and that "some extraordinary circumstance" prevented timely filing. Id. at 649.

### III. Analysis

In analyzing the claims raised by Trevino, a basic premise is that allegations by pro se litigants must be afforded liberal construction to ensure that their claims are not unfairly dismissed, because of their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). That latitude, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981).

In this case, even allowing for the latitude due a pro se, this petition is meritless and should be denied.

### A. Timeliness

Trevino had one year in which to file his § 2254 petition in this Court. As relevant here, Trevino had one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

On May 9, 2014, Trevino pled guilty and was sentenced. Dkt. No. 18-1, p. 10. He had 30 days to file a notice of appeal. Tex. R. App. P. 26.2(a)(1); see also Arriola v. State, No. 04-20-00306-CR, 2020 WL 5214765, at *1 (Tex. App. Sept. 2, 2020) (30-day deadline begins running after oral pronouncement of sentence, not the issuance of the written judgment) (citing Rodarte v. State, 860 S.W.2d 108, 109-10 (Tex. Crim. App. 1993)). Thus, the deadline to file a direct appeal expired on June 9, 2014.[2] Trevino's conviction became final on that day. Roberts v. Cockrell, 319 F.3d 690, 693-95 (5th Cir. 2003).

By the plain language of § 2244(d)(1)(A), Trevino had until June 9, 2015, to file a habeas petition in Federal court. He did not file his petition until March 24, 2021, almost six years past the deadline.

The one-year period is tolled during the time in which "a properly filed application for State post-conviction or other collateral review" is pending in the state courts. 28 U.S.C. § 2244(d)(2). However, this tolling is unavailable if the state habeas petition is not filed until after the period of limitation has expired. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000). Trevino did not file his state habeas petition until March 2, 2021, which was beyond the statutory deadline. Accordingly, the petition was untimely filed. That conclusion requires the Court to consider whether equitable tolling is appropriate.

To avail himself of equitable tolling, Trevino must establish "extraordinary circumstances" that warrant the tolling of the limitations period. Holland, 530 U.S. at 649.

---

[2] The 30-day period expired on June 8, 2014, which was a Sunday. Accordingly, the deadline was automatically moved to the following business day, which was June 9, 2014. Tex. R. App. 4.1(a).

Trevino bears the burden of establishing that equitable tolling is appropriate. Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000).

To merit equitable tolling, "[a] petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." In re Wilson, 442 F.3d 872, 875 (5th Cir. 2006). Trevino offers no reasons for why his petition was untimely filed. See Dkt. No. 1, p. 9 (when asked why the statute of limitations did not bar his petition, Trevino responded, "N/A"). He has not met his burden of showing that equitable tolling is appropriate. His petition should be dismissed as untimely filed.

Furthermore, even if the Court considered the merits of his petition, he fares no better.

**B. Merits**

Trevino asserts that his counsel was ineffective for coercing him into a plea agreement and that his plea was involuntary.

At the outset, the Court begins by noting that, in the § 2254 context, it must determine whether the last state court decision unreasonably applied Supreme Court precedent or was based upon an unreasonable application of the facts. 28 U.S.C. § 2254(d). In this case, the last state court decision was the Court of Criminal Appeals decision, which denied Trevino's habeas petition application, without a written order.

Because the Court of Criminal Appeals denial order does not precisely lay out why it denied the petition, the Court must "gather the arguments and theories that could support the state court's ultimate decision and ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with Supreme Court precedent." Thomas v. Vannoy, 898 F.3d 561, 568-69 (5th Cir. 2018) (cleaned up).[3] Thus, the Court

---

[3] "Cleaned up" is a parenthetical that signals to the reader that the author "has removed extraneous, non-substantive clutter such as brackets, quotation marks, ellipses, footnote signals, internal citations or made un-bracketed changes to capitalization," in order to make the quotation more readable, but has not altered the substance of the quotation. Na v. Gillespie, 2017 WL 5956773, at *3, 234 Md. App. 742, 174 A.3d 493 (Md. Ct. Spec. App. Dec. 1, 2017); see also Brownback v. King, -- U.S. ---, 141 S. Ct. 740 (2021) (using "cleaned up").

can consider whether there are any arguments or theories that support the denial of the petition.

Both the ineffective assistance and the involuntary plea claims revolve around the same underlying assertion: Trevino did not understand the charges against him and his lawyer convinced him to plead guilty against his will. Trevino has the burden to show that his plea was not knowing or voluntary. DeVille v. Whitley, 21 F.3d 654, 658 (5th Cir. 1994). Trevino pled no facts, beyond his own unsubstantiated assertions, to demonstrate that his plea was not knowing or voluntary. Accordingly, the Texas court did not misapply any Supreme Court precedent. This claim should be denied.

## IV. Recommendation

It is recommended that Jaime J. Trevino's petition for writ of habeas corpus by a person in state custody, pursuant to 28 U.S.C. § 2254, be dismissed as untimely filed, or alternatively, denied as meritless.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2254 motion to the Court of Appeals. 28 U.S.C. § 2253(c)(1)(A). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). "Importantly, in determining this issue, we view the petitioner's arguments through the lens of the deferential scheme laid out in 28 U.S.C. § 2254(d)." Druery v. Thaler, 647 F.3d 535, 538 (5th Cir. 2011) (internal quotations omitted) (citing Barrientes v. Johnson, 221 F.3d 741, 772 (5th Cir. 2000)). The district court must rule upon a certificate of appealability when it "enters a final order adverse to the applicant." Rule 11, Rules Governing § 2254 Petitions.

After reviewing Trevino's § 2254 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason.

Although Trevino's § 2254 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1).  A party filing objections must specifically identify the factual or legal findings to which objections are being made.  The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting those findings.  If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except upon grounds of plain error. Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas, on September 29, 2021.

_____
Ronald G. Morgan
United States Magistrate Judge